1  Matthew A. Richards, State Bar No. 233166
   mrichards@nixonpeabody.com
2  Dawn Valentine, State Bar No. 206486
   dvalentine@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero Center, 32nd Floor
4  San Francisco, CA  94111
   Tel: 415-984-8200
5  Fax: 415-984-8300

6  Attorneys for Non-Party
   Credit Karma, LLC
7

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11
12  MAYRA ARANDA                          Case No. 2:21-cv-03451

13                   Plaintiffs,          Hon. Consuelo B. Marshall

14       vs.
                                          **NON-PARTY CREDIT KARMA,
15  NISSAN MOTOR ACCEPTANCE               LLC'S *EX PARTE* APPLICATION
    CORP; EXPERIAN INFORMATION            FOR AN EXTENSION OF FACT
16  SOLUTIONS, INC.; TRANS UNION          DISCOVERY DEADLINE**
    LLC; AND EQUIFAX
17  INFORMATION SERVICES, LLC

18                   Defendants.

### *Ex Parte* Application

Pursuant to Local Rule 7-19, Non-Party Credit Karma, LLC ("Credit Karma") hereby applies to the Court *ex parte* for an Order extending the deadline for Credit Karma's deposition to be conducted in response to the Subpoena to Testify at Deposition in a Civil Action ("the Subpoena") served on it by Defendant Nissan Motor Acceptance Corporation ("NMAC") in the above-captioned Action. The date of appearance contained in the Subpoena is October 7, 2022. Accordingly, Credit Karma timely served its Objections to the Subpoena, identifying its objections to the deposition topics and document requests identified in the subpoena.  Credit Karma believes that it will be able to resolve many of these objections after having time to meet and confer with NMAC's counsel, and that it will ultimately produce a witness for deposition.  However, additional time is needed for the Credit Karma and NMAC to meet and confer on Credit Karma's objections, raise any potential issues with the Court, and for Credit Karma to identify and prepare the appropriate witness.  As such, Credit Karma requests an order permitting the Credit Karma deposition to be conducted on or by November 1, 2022.

### **Memorandum of Points and Authorities**

Good cause exists to grant non-party Credit Karma the relief that it seeks. The Subpoena seeks both documents and a deposition of a witness or witnesses on six detailed topics, and up to 11 years of information. (Declaration of Dawn N. Valentine in Support of Ex Parte Motion for Relief, ¶2, Exh. 1.)  The Subpoena was left with Credit Karma's registered agent on September 23, 2022, but did not immediately reach the appropriate personnel.  (*Id.* at ¶2.)  Nixon Peabody, LLP was engaged late Tuesday, October 4, 2022 and reached out to counsel for NMAC the morning of Wednesday, October 5, 2022 to request an extension of time to respond to the Subpoena.  (*Id.* at ¶3.)  Counsel for NMAC refused to grant Credit Karma

- 2 -

Non-Party Credit Karma, LLC's Ex Parte Application for an Extension of Fact Discovery Deadline

1  any extension—even as short as three (3) business days—that would allow Credit
2  Karma the opportunity to fully review the Subpoena and investigate the requests in
3  order to productively meet and confer with NMAC. (*Id.* at ¶4.) Credit Karma
4  reiterated its request for an extension on October 6, 2022, but NAMC counsel again
5  declined. (*Id.* at ¶5.)

6       The requested extension is necessary not only to allow Credit Karma to meet
7  and confer with NMAC on the scope of the Subpoena, but to make sure that it is
8  able to provide NMAC with the information it seeks. The document requests and
9  deposition notice contained in the Subpoena are objectionable. On its face, the
10 Subpoena is vague and ambiguous, overly broad, and not proportional to the needs
11 of the case. For example, the Subpoena sets a potentially relevant the relevant time
12 frame to potentially be January 1, 2011 through December 31, 2021—11 years.
13 (Valentine Decl. ¶2, Exh. 1.) This relevant time period is for both the documents
14 requested as well as the produced witness's knowledge of the six topics requested
15 for deposition.

16      In addition to the 11-year time period, the topics for which NMAC has
17 requested a witness with knowledge are themselves overly broad, and not
18 proportional to the needs of the case. For example, one of the topics for deposition
19 is "What information was accessed through Credit Karma **each time** ARANDA's
20 login credentials were used to log into Credit Karma during the RELEVANT
21 PERIOD." (Valentine Decl. ¶2, Exh. 1.)(emphasis added). This request requires
22 Credit Karma to investigate as to whether each and every activity of Plaintiff for a
23 period of eleven (11) years is accessible, to the extent it is available, how
24 burdensome it would be to collect said information, and then, assuming the
25 information could be collected without undue burden, produce and have a witness
26 prepared to testify about said information. These are tasks that could not be
27 accomplished in the time provided under the Subpoena.
28

- 3 -

Non-Party Credit Karma, LLC's Ex Parte Application for an Extension of Fact Discovery Deadline

1    Additionally, the Subpoena requests a witness who also has knowledge of the
2    "[n]ature and origin of credit and other information available through Credit Karma
3    to users of Credit Karma such as ARANDA during the RELEVANT PERIOD,
4    steps a Credit Karma user must take to access each category of available
5    information, and how each category of information is presented to a person using
6    Credit Karma by cell phone application, phone browser, and/or computer browser."
7    (Valentine Decl. ¶2, Exh.1.)  Putting aside that this topic, as drafted, certainly
8    impinges upon trade secrets, confidential research, development, or commercial
9    information, this topic essentially requires a witness who has both a knowledge of
10   the technical workings of Credit Karma's website and applications for 11 years, and
11   who also knows the "origins" of any and all information available to Credit
12   Karma's users during the 11-year time period. (*Id.*)

13   Credit Karma believes these issues, and others, can be partially if not fully
14   resolved with a meet and confer. However, NMAC cited the discovery cut-off of
15   October 18, 2022 as the reason it has been unwilling to agree to a schedule that
16   would allow Credit Karma to conduct an appropriate investigation, meet and confer
17   and produce its witnesses, and that would also allow Credit Karma to preserve its
18   rights to seek redress with the Court in the event Credit Karma and NMAC could
19   not reach agreement on their disputes.  (Valentine Decl. ¶7.)

20   A modest extension of time is also necessary to permit Credit Karma to
21   properly investigate the issues relating to the Subpoena, including the existence of
22   certain information and to meet its burden of producing information if it does exist.
23   Similarly, Credit Karma needs adequate time to prepare an appropriate witness(es)
24   for deposition in order to provide meaningful testify regarding the broad topics
25   requested in the Subpoena.  Under such circumstances, this Court has found that
26   fourteen days is not an adequate period of time to respond to a subpoena. *See Map*
27   *Co. v. Lebanese Arak Corp.,* 2017 U.S. Dist. LEXIS 230169, *12-13 (C.D. Cal.
28

Non-Party Credit Karma, LLC's Ex Parte Application for an Extension of Fact Discovery Deadline

Oct. 26, 2017) (Finding that given the broad scope of requests for information over a period of eleven years, the subpoenas did not provide a reasonable time to comply.). *See also Gordon v. Sonar Capital Mgmt. LLC*, 2015 U.S. Dist. LEXIS 32047 at *2 (N.D. Cal. Mar. 15, 2015) (Finding that the question of whether the time to comply with a subpoena is reasonable is a fact-specific inquiry).

Moreover, Federal Rule requires that parties issuing a subpoena take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. Proc. 45(d)(1). Without the relief sought by Credit Karma, the Subpoena served by NMAC would, in fact, impose an undue and expensive burden on Credit Karma which is explicitly precluded under Federal law.

Credit Karma has been informed and believes that the current deadline to complete fact discovery including non-party discovery as to Credit Karma, is October 18, 2022. Accordingly, Credit Karma respectfully requests a modest extension of that deadline by two weeks—to November 1, 2022—to provide time for the Credit Karma to meet and confer with NMAC, to address any unresolved issues with the Court, and to identify and prepare the appropriate witness for deposition.

**Statement of Compliance with Local Rule 7-19 and 7-19.1**

Pursuant to Local Rule 7-19.1, the Court is hereby advised that counsel for Credit Karma provided written and oral notice of this *ex parte* application to NMAC's counsel on October 6, 2022. (Valentine Decl. ¶7.) Counsel for NMAC declined to stipulate to Credit Karma's *ex parte* application for an extension of time to respond to the Subpoena. The name, address, telephone number and email address of NMAC's counsel is as follows:

> Severson & Werson, APC
> Alisa A. Givental, Esq.
> 595 Market Street, Suite 2600
> San Francisco, CA

Non-Party Credit Karma, LLC's Ex Parte Application for an Extension of Fact Discovery Deadline

Telephone: 415-398-3344
Email: aag@severson.com

Respectfully submitted,

Dated: October 7, 2022            NIXON PEABODY LLP


                                  By: */s/ Dawn N. Valentine*
                                       Matthew A. Richards
                                       Dawn Valentine
                                       Attorneys for Credit Karma, LLC

- 6 -