Matthew A. Richards, State Bar No. 233166
mrichards@nixonpeabody.com
Dawn Valentine, State Bar No. 206486
dvalentine@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel: 415-984-8200
Fax: 415-984-8300

Attorneys for Non-Party
Credit Karma, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA ARANDA<br><br>                Plaintiffs,<br><br>  vs.<br><br>NISSAN MOTOR ACCEPTANCE CORP; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; AND EQUIFAX INFORMATION SERVICES, LLC<br><br>                Defendants. | Case No. 2:21-cv-03451<br><br>Hon. Consuelo B. Marshall<br><br>**NON-PARTY CREDIT KARMA, LLC'S *EX PARTE* APPLICATION FOR AN EXTENSION OF FACT DISCOVERY DEADLINE** |

## *Ex Parte* Application

Pursuant to Local Rule 7-19, Non-Party Credit Karma, LLC ("Credit Karma") hereby applies to the Court *ex parte* for an Order extending the deadline for Credit Karma's deposition to be conducted in response to the Subpoena to Testify at Deposition in a Civil Action ("the Subpoena") served on it by Defendant Nissan Motor Acceptance Corporation ("NMAC") in the above-captioned Action. The date of appearance contained in the Subpoena is October 7, 2022. Accordingly, Credit Karma timely served its Objections to the Subpoena, identifying its objections to the deposition topics and document requests identified in the subpoena. Credit Karma believes that it will be able to resolve many of these objections after having time to meet and confer with NMAC's counsel, and that it will ultimately produce a witness for deposition. However, additional time is needed for the Credit Karma and NMAC to meet and confer on Credit Karma's objections, raise any potential issues with the Court, and for Credit Karma to identify and prepare the appropriate witness. As such, Credit Karma requests an order permitting the Credit Karma deposition to be conducted on or by November 1, 2022.

## **Memorandum of Points and Authorities**

Good cause exists to grant non-party Credit Karma the relief that it seeks. The Subpoena seeks both documents and a deposition of a witness or witnesses on six detailed topics, and up to 11 years of information. (Declaration of Dawn N. Valentine in Support of Ex Parte Motion for Relief, ¶2, Exh. 1.) The Subpoena was left with Credit Karma's registered agent on September 23, 2022, but did not immediately reach the appropriate personnel. (*Id.* at ¶2.) Nixon Peabody, LLP was engaged late Tuesday, October 4, 2022 and reached out to counsel for NMAC the morning of Wednesday, October 5, 2022 to request an extension of time to respond to the Subpoena. (*Id.* at ¶3.) Counsel for NMAC refused to grant Credit Karma

any extension—even as short as three (3) business days—that would allow Credit Karma the opportunity to fully review the Subpoena and investigate the requests in order to productively meet and confer with NMAC. (*Id.* at ¶4.) Credit Karma reiterated its request for an extension on October 6, 2022, but NAMC counsel again declined. (*Id.* at ¶5.)

      The requested extension is necessary not only to allow Credit Karma to meet and confer with NMAC on the scope of the Subpoena, but to make sure that it is able to provide NMAC with the information it seeks. The document requests and deposition notice contained in the Subpoena are objectionable. On its face, the Subpoena is vague and ambiguous, overly broad, and not proportional to the needs of the case. For example, the Subpoena sets a potentially relevant the relevant time frame to potentially be January 1, 2011 through December 31, 2021—11 years. (Valentine Decl. ¶2, Exh. 1.) This relevant time period is for both the documents requested as well as the produced witness's knowledge of the six topics requested for deposition.

      In addition to the 11-year time period, the topics for which NMAC has requested a witness with knowledge are themselves overly broad, and not proportional to the needs of the case. For example, one of the topics for deposition is "What information was accessed through Credit Karma **each time** ARANDA's login credentials were used to log into Credit Karma during the RELEVANT PERIOD." (Valentine Decl. ¶2, Exh. 1.)(emphasis added). This request requires Credit Karma to investigate as to whether each and every activity of Plaintiff for a period of eleven (11) years is accessible, to the extent it is available, how burdensome it would be to collect said information, and then, assuming the information could be collected without undue burden, produce and have a witness prepared to testify about said information. These are tasks that could not be accomplished in the time provided under the Subpoena.

Additionally, the Subpoena requests a witness who also has knowledge of the "[n]ature and origin of credit and other information available through Credit Karma to users of Credit Karma such as ARANDA during the RELEVANT PERIOD, steps a Credit Karma user must take to access each category of available information, and how each category of information is presented to a person using Credit Karma by cell phone application, phone browser, and/or computer browser." (Valentine Decl. ¶2, Exh.1.)  Putting aside that this topic, as drafted, certainly impinges upon trade secrets, confidential research, development, or commercial information, this topic essentially requires a witness who has both a knowledge of the technical workings of Credit Karma's website and applications for 11 years, and who also knows the "origins" of any and all information available to Credit Karma's users during the 11-year time period. (*Id.*)

Credit Karma believes these issues, and others, can be partially if not fully resolved with a meet and confer. However, NMAC cited the discovery cut-off of October 18, 2022 as the reason it has been unwilling to agree to a schedule that would allow Credit Karma to conduct an appropriate investigation, meet and confer and produce its witnesses, and that would also allow Credit Karma to preserve its rights to seek redress with the Court in the event Credit Karma and NMAC could not reach agreement on their disputes.  (Valentine Decl. ¶7.)

A modest extension of time is also necessary to permit Credit Karma to properly investigate the issues relating to the Subpoena, including the existence of certain information and to meet its burden of producing information if it does exist. Similarly, Credit Karma needs adequate time to prepare an appropriate witness(es) for deposition in order to provide meaningful testify regarding the broad topics requested in the Subpoena.  Under such circumstances, this Court has found that fourteen days is not an adequate period of time to respond to a subpoena. *See Map Co. v. Lebanese Arak Corp.,* 2017 U.S. Dist. LEXIS 230169, *12-13 (C.D. Cal.

Oct. 26, 2017) (Finding that given the broad scope of requests for information over a period of eleven years, the subpoenas did not provide a reasonable time to comply.). *See also Gordon v. Sonar Capital Mgmt. LLC*, 2015 U.S. Dist. LEXIS 32047 at *2 (N.D. Cal. Mar. 15, 2015) (Finding that the question of whether the time to comply with a subpoena is reasonable is a fact-specific inquiry).

Moreover, Federal Rule requires that parties issuing a subpoena take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. Proc. 45(d)(1). Without the relief sought by Credit Karma, the Subpoena served by NMAC would, in fact, impose an undue and expensive burden on Credit Karma which is explicitly precluded under Federal law.

Credit Karma has been informed and believes that the current deadline to complete fact discovery including non-party discovery as to Credit Karma, is October 18, 2022. Accordingly, Credit Karma respectfully requests a modest extension of that deadline by two weeks—to November 1, 2022—to provide time for the Credit Karma to meet and confer with NMAC, to address any unresolved issues with the Court, and to identify and prepare the appropriate witness for deposition.

**Statement of Compliance with Local Rule 7-19 and 7-19.1**

Pursuant to Local Rule 7-19.1, the Court is hereby advised that counsel for Credit Karma provided written and oral notice of this *ex parte* application to NMAC's counsel on October 6, 2022. (Valentine Decl. ¶7.) Counsel for NMAC declined to stipulate to Credit Karma's *ex parte* application for an extension of time to respond to the Subpoena. The name, address, telephone number and email address of NMAC's counsel is as follows:

> Severson & Werson, APC
> Alisa A. Givental, Esq.
> 595 Market Street, Suite 2600
> San Francisco, CA

Non-Party Credit Karma, LLC's Ex Parte Application for an Extension of Fact Discovery Deadline

| | |
|---|---|
| 1 | Telephone: 415-398-3344 |
| 2 | Email: aag@severson.com |

Respectfully submitted,

Dated:  October 7, 2022        NIXON PEABODY LLP


By: */s/ Dawn N. Valentine*
    Matthew A. Richards
    Dawn Valentine
    Attorneys for Credit Karma, LLC