David A. Chami (AZ: 027585)
(Admitted *pro hac vice*)
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5515
E: david@pricelawgroup.com

Youssef H. Hammoud (SBN: 321934)
Lauren Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5596
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Mayra Aranda*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA ARANDA,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No. 2:21-cv-03451-CBM-PD<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO THE ALLEGED CHASE JUDGMENT AGAINST PLAINTIFF and INCORPORATED MEMORANDUM**<br><br>Date: March 14, 2023<br>Time: 2:30 pm<br>Location: Courtroom 8D or 9B<br>First Street Courthouse |

i

350 West First Street
Los Angeles, California 90012

Before the Honorable Consuelo B. Marshal

**To the Court, Defendant and their attorneys of record:**

PLEASE TAKE NOTICE that on March 14, 2023 at 2:30 p.m., at the Final Pretrial Conference, this matter shall be heard before the Honorable Consuelo B. Marshall, District Court Judge for the Central District of California, in Courtroom 8D or 9B of the First Street Courthouse located at 350 West First Street, Los Angeles, California 90012, Plaintiff Mayra Aranda ("Plaintiff") hereby moves the Court, in limine, for an Order excluding reference to the alleged Chase judgment against Plaintiff or any assertion that Plaintiff would have been required to pay off the alleged Chase judgment prior to receiving a mortgage.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 25, 2023.

ii

## I. ARGUMENT

Defendant Nissan Motor Acceptance Corporation ("Defendant") has argued that there is an outstanding Chase judgment against the Plaintiff, and that she would have been required to pay off the judgment in full prior to obtaining a mortgage. Defendant's arguments are problematic for a number of reasons. First, there is no evidence in the record that proves the alleged Chase judgment was entered against Plaintiff and that it did not belong to someone else with the same first and last name. Second, the Superior Court of California entered the alleged Chase judgment on September 01, 2010, however, it was never renewed and expired on September 01, 2020. (*See attached Exhibit A)*. Third, the Superior Court of California proceeded to destroy the case file on October 13, 2020, further evidence that it was not renewed. Finally, Cal. Code Civ. Proc. § 683.020, the relevant California statute that governs the period of enforceability for judgments, provides that expired judgments are no longer enforceable.

### a. Once the judgment expired without renewal, it was no longer enforceable

Cal. Code Civ. Proc. § 683.020, the relevant California statute that governs the period of enforceability for judgments provides:

> Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment or a judgment for possession or sale of property:
>
> (a) The judgment may not be enforced.

- 1 -

(b) All enforcement procedures pursuant to the judgment or to a writ or order issued pursuant to the judgment shall cease.

(c) Any lien created by an enforcement procedure pursuant to the judgment is extinguished.

In addition to the statutory language being clear that an expired judgment is no longer enforceable, there is no evidence in the record that the alleged Chase judgment pertains to Aranda and not someone else with the same name. Defendant's failed to produce a copy of the expired judgment record and cannot claim that the judgment belongs to Plaintiff. As such, any reference that there was an outstanding judgment against Aranda, or that the judgment would have needed to be paid would result in prejudice, confusion, and a waste of time.

If the language in a statue is clear, it must be followed. *See Meza v. Portfolio Recovery Associates, LLC*, 6 Cal. 5th 844, 856-857 (2019): "We first examine the statutory language, giving it a plain and commonsense meaning. . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend."

The key word in the statute is "judgment." A judgment generally means a final resolution of all controversies between the parties in an action. *Lyon v. Goss*, 19 Cal. 2d 659, 670 (1942). Section 577 of the Code of Civil Procedure defines judgment as follows: "A judgment is the final determination of the rights of the parties in an action or proceeding." That definition has not changed since 1872, when the statute was enacted. *Ibid.*

- 2 -

As the Superior Court of California County of Los Angeles docket reflects, judgment was entered on September 01, 2010.

> **09/01/2010** JUDGMENT ENTERED AS FINAL
> DISPOSITION ON 09/01/10 . FOR (CHASE BANK
> USA) N.A. AGAINST (ARANDA, MAYRA) .
> PRINCIPAL $16245.12 . ATTORNEY FEES $ 0.00 .
> INTEREST $240.34 . COSTS $371.00 . TOTAL
> $16,856.46."

See Exhibit A, page 2, NMAC 000180. This docket is clear that the Superior Court had entered a **final** judgment of $16,856.46 on September 01, 2020, which triggered the ten-year period of section 683.020. Even if the judgment was in fact entered against Plaintiff, the plain language of section 683.020, the ten-year period ended on September 01, 2020.

Expiration of the ten-year period means that the "judgment may not be enforced." Section 683020(a). Further, under the same section, the expiration of the judgment on September 01, 2020, means that "all enforcement procedures pursuant to the judgment . . . shall cease." *See also, Benefit Fin. v. Durkee*, 206 Cal. App. 3d 912, 915, 254 Cal. Rptr. 351, 352 (1988).

There is nothing in the Superior Court docket or in this case that reflects the alleged Chase judgment against the Aranda defendant was either renewed or still outstanding. The only evidence in the record is the Superior Court's docket which

- 3 -

reflects that no renewal was ever filed and the Superior Court ordered the case file be destroyed on October 13, 2020. *See* Exhibit A.

### b. Any alleged Chase judgment that once existed is not relevant to the claims and/or defenses of either party to the case and would only prejudice Plaintiff

Evidence is relevant only if "tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Federal Rule of Evidence 401. Defendant has argued that even if Plaintiff had received the mortgage pre-approval, she would not have been able to purchase a home because she would have been required to pay off the alleged Chase judgment prior to obtaining a mortgage approval, which would have reduced the amount of money she could use towards a down payment and ultimately affected her ability to acquire a mortgage for the amount she sought.

As discussed above, there is no evidence in the record to determine that the alleged Chase judgment was against Plaintiff.  The burden of establishing that the judgment belonged to Plaintiff falls on Defendant Nissan and Defendant cannot meet that burden as it is just as likely that the judgment belongs to another person with the same name since the records aren't available and no other personal identifying information is available. Additionally, the only undisputed evidence in the record reflects that the alleged Chase judgment was entered into on September 01, 2010, and expired ten-years later on September 01, 2020 without a renewal ever being filed. Finally, the undisputed evidence also shows that the Superior Court proceeded

- 4 -

to destroy the case file, thereby solidifying the fact that the alleged judgment was (if it was even entered against the Plaintiff and not someone else) no longer enforceable.

The evidence of an alleged expired Chase judgment does not tend to make the existence of any fact any more probable or less, and would only serve to prejudice the Plaintiff and confuse the jury.

## II.   <u>CONCLUSION</u>

Wherefore, a Motion in Limine should be granted directing Nissan, Nissan's witnesses, and Nissan's attorneys to abstain from mentioning, discussing, hinting, or in any way referencing the position that that there is an outstanding Chase judgment; that the Chase judgment belonged to Plaintiff; or that Plaintiff would have been required to pay off the Chase judgment in full prior to obtaining a mortgage.

RESPECTFULLY SUBMITTED,

DATED: February 14, 2023

By: */s/David A. Chami*
David A. Chami (AZ: 027585)
(Admitted *pro hac vice*)
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5515
E: david@pricelawgroup.com

Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5596

- 5 -

E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Mayra Aranda*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**PRICE LAW GROUP, APC**

*/s/ Roxanne Harris*