1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MAYRA ARANDA

     Plaintiff,

v.

NISSAN MOTOR ACCEPTANCE
CORPORATION,

    Defendant.

Case No.:  2:21-cv-03451-CBM-PDx

**ORDER RE:  PLAINTIFF AND
DEFENDANT'S MOTIONS FOR
SUMMARY JUDGMENT [102, 103]**

The matters before the Court are (1) Plaintiff Mayra Aranda's ("Plaintiff")
Motion for Partial Summary Judgment (Dkt. No.102) and (2) Defendant Nissan
Motor Acceptance Corporation's ("Defendant" or "NMAC") Motion for Summary
Judgment.  (Dkt. No. 103.)  The matters are fully briefed.

## I.     BACKGROUND

This is a Fair Credit Reporting Act, 15 U.S.C. 1681 *et. seq.* and California
Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.* action
filed by Plaintiff on April 22, 2021, against Nissan Motor Acceptance Corporation
("NMAC"), Experian Information Solutions, Inc., ("Experian"), Trans Union LLC
("Trans Union"), and Equifax Information Services, LLC ("Equifax").  (Dkt. No.
1.)  The Court subsequently approved stipulations dismissing the three credit
reporting agencies.  (Dkt. Nos. 37, 41, 44.)  On June 28, 2022, Plaintiff filed the

First Amended Complaint asserting the Fair Credit Reporting Act ("FCRA") claim against Defendant NMAC.

## II.   STATEMENT OF THE LAW

On a motion for summary judgment, the Court must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact. *Simo v. Union of Needletrades, Indus. & Textile Employees*, 322 F.3d 602, 609-10 (9th Cir. 2003); Fed. R. Civ. P. 56. Summary judgment against a party is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual dispute is "material" only if it might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Id*. at 249. The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Rather, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [the nonmovant's] favor." *Anderson*, 477 U.S. at 255.

## III.   DISCUSSION

### A.   Plaintiff's Motion for Summary Judgment

Plaintiff moves for partial summary judgment on her FCRA and CCRAA causes of action but does not seek a determination of her damages.

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009)

1  (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). To ensure that

2  credit reports are accurate, "the FCRA imposes some duties on the sources that

3  provide credit information to CRAs, called 'furnishers' in the statute." *Id*. Certain

4  obligations are triggered "upon notice of dispute," *i.e.*, when a furnisher receives

5  notice from a CRA that a consumer disputes the information the furnisher

6  provided. *Id*. at 1154.

7       Similar to the FCRA, the CCRAA was enacted because of a need to "insure

8  that consumer credit reporting agencies exercise their grave responsibilities with

9  fairness, impartiality, and a respect for the consumer's right to privacy." Cal. Civ.

10  Code § 1785.1(c). The CCRA's purpose is "to require that consumer credit

11  reporting agencies adopt reasonable procedures for meeting the needs of

12  commerce for consumer credit . . . and other information in a manner which is fair

13  and equitable to the consumer, with regard to the confidentiality, accuracy,

14  relevancy, and proper utilization of such information[.]" *Id*. § 1785.1(d).

15       Section 1681s-2(b)(1) of the FCRA provides that, after receiving a notice of

16  dispute, the furnisher shall:

17      (A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the [CRA] ...;
18  (C) report the results of the investigation to the [CRA];
(D) if the investigation finds that the information is incomplete or
19  inaccurate, report those results to all other [CRAs] to which the person
furnished the information ...; and
20  (E) if an item of information disputed by a consumer is found to be
inaccurate or incomplete or cannot be verified after any reinvestigation
21  under paragraph (1) ... (i) modify ... (ii) delete ... or (iii) permanently block
the reporting of that item of information [to the CRAs].
22

23  Section 1681s-2(b)(1). "These duties arise only after the furnisher receives notice

24  of dispute from a CRA; notice of a dispute received directly from the consumer

25  does not trigger furnishers' duties under [§ 1681s-2(b)]." *Gorman*, 584 F.3d at

26  1154. However, if a furnisher's § 1681s-2(b) duties apply, the FCRA creates "a

27  private right of action for willful or negligent noncompliance" with § 1681s-2(b)'s

28  requirements. *Id*.

To prevail on her FCRA claim, Plaintiff must prove the following: (1) Defendant is a "furnisher"; (2) Plaintiff notified the CRA that Plaintiff disputed the reporting as inaccurate; (3) the CRA notified the furnisher of the alleged inaccurate information of the dispute; (4) the reporting was in fact inaccurate; and (5) Defendant failed to conduct the investigation required by § 1681s-2(b)(1). *See Robbins v. CitiMortgage, Inc.*, 2017 WL 6513662, at *5 (N.D. Cal. Dec. 20, 2017) (citing *Biggs v. Experian Info. Solutions, Inc*., 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016)); *see also Hughes v. IQ Data Int'l, Inc*., 2016 WL 7406993, at *2 (N.D. Cal. Dec. 22, 2016); *Gorman*, 584 F.3d at 1153–55 (overview of FCRA claims against furnishers)). To prevail on her CCRAA claim, Plaintiff must show that Defendant knew or should have known that the information given to the agency was incomplete or inaccurate, and Plaintiff was harmed as a result of that inaccurate report. *See Reagan v. Am. Home Mortg. Servicing Inc.*, 2011 WL 2149100, at *3 (N.D. Cal. May 31, 2011).

Defendant does not dispute the following: (1) it is "furnisher" under the FCRA or a "person" under the CCRAA; (2) Plaintiff notified the CRAs that Plaintiff disputed the reporting as inaccurate, or (3) it received such disputes from the CRA. There are material issues of fact in dispute that preclude summary judgment on the remaining elements of each claim. For purposes of the FCRA, Defendant offers evidence to support that its reporting was accurate and that it conducted a reasonable investigation. For purposes of the CCRAA, Defendant offers evidence to support that its reporting was accurate, that Plaintiff was not harmed, and that it did not know or should have known that the information furnished to the CRA was inaccurate.

### i.    Accuracy of Defendant's Reporting

"FCRA plaintiffs must prove that the furnisher reported inaccurate information to prevail on a § 1681s-2(b) claim." *Robbins*, 2017 WL 6513662, at *6 (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir.

2010); *Biggs v. Experian Information Solutions, Inc*., 209 F Supp. 3d 1142, 1144 (N.D. Cal. 2016); and *Gorman*, 584 F.3d at 1163–64).  Such information can be inaccurate "because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho*, 629 F.3d at 890.  Similarly, the CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Section 1785.25(a).

Plaintiff and Defendant provide evidence to support their respective positions regarding the accuracy of the reporting of Plaintiff's 7100 Account. Plaintiff offers the automated consumer dispute verification ("ACDV") form regarding the account ending in 7100 (NMAC 000076) and her Experian April 15, 2021 Credit Report (ARANDA000053–000056) as evidence of Defendant's inaccurate reporting.  Defendant provides the Declaration of Deborah Donley (("Donley Decl.") ¶¶ 21, 24-25) and the Declaration of John Ulzheimer (("Ulzheimer Decl.") ¶ 9) as evidence of its accurate reporting.  Accordingly, there are genuine disputes of material fact that preclude summary judgment as to the accuracy of the reporting.

### ii.    Defendant's Investigation under the FCRA

As for the fifth element, the FCRA requires that furnishers conduct a reasonable investigation under section 1681s–2(b)(1)(A).  Such duty arises when the furnisher receives a notice of dispute from a CRA.  Such notice must include "all relevant information regarding the dispute that the [CRA] has received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).  It is from this notice that the furnisher learns the nature of the consumer's challenge to the reported debt, and it is the receipt of this notice that gives rise to the furnisher's obligation to conduct a reasonable investigation.  The "pertinent question is thus whether the furnisher's procedures were reasonable in light of what it learned about the nature of the

1  dispute from the description in the CRA's notice of dispute." *Gorman*, 584 F.3d
2  at 1157 (citing *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir.
3  2005).

4      Plaintiff and Defendant provide evidence to support their respective
5  positions regarding the reasonableness of Defendant's investigation following
6  receipt of the ACDV from Experian, which indicated a dispute code of "106" with
7  the following description: "ACCT INVOLVED IN LITIGATION CONS
8  CLAIMS PAID IN FULL DOES NOT OWE ON ANY LEASE."  Plaintiff
9  provided the ACDV form submitted by Experian (NMAC000081 - 000082
10 (Hammoud Decl. Ex. 26)), deposition testimony of NMAC's employees Jonathan
11 Castillo (Hammoud Decl. Ex. 6)) and Jose Luis Morales Ramos (Hammoud Decl.
12 Ex. 7).  In opposition, Defendant submitted the Declaration of Deborah Donley
13 (Donley Decl.  ¶¶ 6-9) and the Declaration of John Ulzheimer (Ulzheimer Decl. ¶
14 21).  Accordingly, there is a dispute of material fact regarding the reasonableness
15 of Defendant's investigation.

16     **iii.    Plaintiff's Harm under the CCRAA**

17   Under the CCRAA, Plaintiff must prove she suffered harm as a result of
18 Defendant's alleged inaccurate reporting.  Plaintiff and Defendant provide
19 evidence to support their respective positions on the issue of harm.  Plaintiff
20 submitted testimony from her deposition, the deposition of Sandra Toledo, and the
21 expert report and testimony of John Thompson, a mortgage lending and credit
22 evaluation expert (Hammoud Decl. Exs. 9, 11, and 13; Deposition of John
23 Thompson 142:2-158:14).  Defendant submits the declaration and rebuttal expert
24 report of its mortgage expert, James Droske, (("Droske Decl.") ¶ 4(a)-(c); James
25 Droske Rebuttal Expert Report p. 4) and an October 7, 2020 prequalification
26 report from Quicken Loans (ROCKET MORTGAGE 0001-00025).  Accordingly,
27 there are genuine disputes of material fact as to whether Plaintiff was harmed.
28    /

iv.    **Whether Defendant Should Have Known Its Reporting was Allegedly Inaccurate under the CCRAA**

As to the fifth element under the CCRAA "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Section 1785.25(a). The Court has found that there are genuine disputes of material fact as to whether Defendant reported inaccurate information to the CRAs. Necessarily then, whether Defendant should have known the information it reported was allegedly inaccurate depends upon the satisfaction of that element.

v.    **Willfulness of Defendant's Conduct**

Plaintiff contends that Defendant willfully violated the FCRA and CCRA and seeks statutory and punitive damages under § 1681n(a). Having found genuine disputes as to whether Defendant reported inaccurate information and whether Defendant's investigation was reasonable, the question of willfulness remains to be tried. The Court thus **DENIES** Plaintiff's Motion as to willfulness.

*    *    *

There are genuine disputes of material fact that preclude summary judgment of Plaintiff's FCRA and CCRAA causes of action. Thus, the Court **DENIES** Plaintiff's Motion for Summary Judgment.

**B.    Defendant's Request for Judicial Notice**

Defendant filed a request for judicial notice in support of its Motion for Summary Judgment (Dkt. No. 105), requesting that the Court take judicial notice of the following documents:

a. The First Amended Complaint filed by Plaintiff, (Dkt. No. 64);

b. Defendant's Answer to the FAC (Dkt. No. 68);

c. Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Amend Complaint, (Dkt. No. 53);

1        d. Plaintiff's Declaration in opposition to Motion to Reopen
2        Deposition (Dkt. No. 90.)[1]

3 Defendant asks the Court to consider these documents as evidence supporting its

4 statute of limitations argument with respect to the following: (1) Plaintiff does not

5 allege that she submitted a dispute prior to filing this lawsuit; (2) Defendant

6 answered the complaint by alleging Plaintiff's claim was time-barred; (3) Plaintiff

7 did not include an FCRA claim in her original complaint; and (4) Plaintiff

8 authorized her husband to access her credit information on her behalf.  The Court

9 **GRANTS** the request for judicial notice.  *See Reyn's Pasta Bella, LLC v. Visa*

10 *USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of

11 court filings and other matters of public record.").  However, while the Court may

12 consider the existence of the documents previously filed in this action, the Court

13 cannot take judicial notice of the truth of their contents. *See Lee v. City of Los*

14 *Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Hawthorne v. Yanez*, 2022 WL

15 673603, at *3 (N.D. Cal. Mar. 7, 2022); *Martifer-Silverado Fund I, LLC v.*

16 *Zhongli Sci. & Tech. Grp. Co.*, 2021 WL 9526870, at *1 (N.D. Cal. Dec. 20,

17 2021).

18      Defendant also filed a request for judicial notice in support of its reply brief

19 in support of its Motion for Summary Judgment (Dkt. No. 117-3), requesting that

20 the Court take judicial notice of the following:

21      (1) On June 13, 2017 (the date a dispute into one of the Nissan lease
22      accounts was opened on Aranda's Credit Karma app), California
23      was observing Pacific Daylight Time. This fact can be confirmed by review of many reliable governmental, non-governmental, web-based, and traditional sources.

24

---

[1] Defendant also filed a request for judicial notice in support of its opposition to Plaintiff's Motion for Summary Judgment (Dkt. No. 112-1), requesting that the Court take judicial notice of Plaintiff's Declaration in opposition to Defendant's motion to reopen deposition. (Dkt. 90-2.)  For the same reasons provided herein, Defendant's request is **GRANTED**.

8

(2) The conversion between Coordinated Universal Time (also known as "UCT" or "UT") and Pacific Daylight Time ("PDT") is -7 hours (i.e., UT minus seven hours equals PDT). This fact can be confirmed by review of many reliable governmental, non-governmental, web-based and traditional sources.

(3) Therefore, an event that occurred at 5:11 a.m. on June 14, 2017 UCT occurred at 10:11 p.m. Pacific Daylight Time on June 13, 2017.

Judicial notice is appropriate for "adjudicative fact[s]" that are "not subject to reasonable dispute." Fed R. Evid. 201. This includes facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*. Plaintiff has not objected to Defendant's motion for judicial notice. Thus, pursuant to Federal Rule of Evidence 201(b)(2), the Court takes judicial notice of the fact that an event that occurred at 5:11 a.m. on June 14, 2017 UCT occurred at 10:11 p.m. Pacific Daylight Time on June 13, 2017.

## C.    Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on Plaintiff's CCRAA claim on the basis that her CCRAA claim is barred by the statute of limitations and on Plaintiff's FCRA claim on the basis that Plaintiff did not submit a dispute to the CRAs before filing this action. There are genuine disputes of material fact that preclude summary judgment on Plaintiff's CCRAA claim. As for Defendant's FCRA "notice" argument, the Court finds that Defendant was notified of Plaintiff's dispute which initiated Defendant's investigation obligations pursuant to 15 U.S.C. § 1681s-2(b)(1); thus, whether Plaintiff submitted a separate dispute to the CRAs prior to filing the complaint has no practical effect on Defendant's conduct after receipt of the ACDVs.

### 1.    CCRAA - Statute of Limitations

Defendant moves for summary judgment on the grounds that Plaintiff's CCRAA cause of action is time-barred. The CCRAA states that an action must be brought "within two years from the date the plaintiff knew . . . or should have known of[ ] the violation of this title, but not more than seven years from the

earliest date on which liability could have arisen, except that where a defendant has materially and willfully misrepresented any information required under this chapter to be disclosed to a consumer, . . . the action may be brought at any time within two years after the discovery by the consumer of the misrepresentation." Cal. Civ. Code § 1785.33. "[T]he ultimate burden is on the defendant to demonstrate that a reasonably diligent plaintiff would have discovered the facts constituting the violation.... [Defendant must] demonstrate how a reasonably diligent plaintiff ... would have discovered the violations." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1110 (9th Cir. 2012) (quoting *Strategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197, 1206 (9th Cir.2012)). Thus, "[s]ummary judgment is defeated if [defendant] fails to meet this burden and material issues of fact remain as to 'whether plaintiffs knew or had reason to know of the specific' violation." *Id.* (citation omitted).

Plaintiff and Defendant provide evidence to support their respective positions regarding whether Plaintiff knew or should have known of the alleged inaccuracies in her credit report prior to April 22, 2019—two years before she filed this action. Defendant offers records from Equifax reflecting consumer inquiries from Plaintiff's credit file (EIS-ARANDA 57, 63, 69, 75, 80, 85, 90, 96, 102); deposition testimony of Equifax's 30(b)(6) witness, Don Stephens (Lonergan Decl. Ex. I); Plaintiff's September 6, 2019 TransUnion credit report (TU0006-0021); deposition testimony of Credit Karma's 30(b)(6) witness, Warren S. Church (Lonergan Decl. Ex. E.); and a list of logins to Plaintiff's Credit Karma account (CK000020- CK000024). In opposition, Plaintiff offers her declaration (Declaration of Mayra Aranda ¶¶ 8-15) and deposition testimony of her husband, Sergio Aranda (Ex. 2 at 48:21-49:7). Based on the evidence submit by both parties, there are genuine disputes that Plaintiff knew or should have known of the inaccurate information prior to 2021. Therefore, that precludes summary judgment for Defendant on Plaintiff's CCRAA cause of action. Thus, the Court **DENIES**

Defendant's Motion for Summary Judgment with respect to Plaintiff's CCRAA cause of action.

### 2. Notice Required for Plaintiff's FCRA Claim

Defendant argues Plaintiff's FCRA claim fails as a matter of law because Plaintiff never disputed Defendant's allegedly inaccurate reporting prior to filing this action. Defendant contends that Congress requires consumers to first lodge a dispute with a credit report agency, which in turn, is required to notify the furnisher of the dispute. Thereafter, the furnisher is obligated to investigate and confirm or correct the disputed information. Thus, Defendant contends, "only if the consumer first lodges a dispute with the CRA and the furnisher conducts an unreasonably investigation and fails to correct the information, may the consumer sue the furnisher." (Motion at 17:13-19.)

Plaintiff contends the following in opposition: Plaintiff's filing of the instant lawsuit contained her dispute of the accounts at issue, the Complaint was served on Experian who determined the dispute was viable pursuant to 15 U.S.C. § 1681i(a)(3); Experian submitted an ACDV to Defendant for each account in dispute; and Defendant received the disputes from Experian, thereby triggering Defendant's duties under 15 U.S.C. § 1681s-2(b).

The Court finds Defendant was notified of the disputes by Experian and thereafter investigated the accounts at issue—the same process Defendant would have undergone in the normal course of obtaining an ACDV. See *Gorman,* 584 F.3d at 1156 ("The furnisher's investigation obligation under § 1681 is triggered by receiving the CRA notification . . . .") Accordingly, the Court **DENIES** Defendant's Motion with respect to Plaintiff's FCRA cause of action.

/

/

/

/

## IV.  CONCLUSION

Accordingly, the Court **DENIES** both Plaintiff's and Defendant's respective Motions for Summary Judgment for reasons stated in this Order.

**IT IS SO ORDERED.**

DATED:  MARCH 21, 2023.

CONSUELO B. MARSHALL

UNITED STATES DISTRICT JUDGE