David A. Chami, AZ # 027585
(Admitted *pro hac vice*)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (718) 715-1750
E: dchami@consumerattorneys.com

Youssef H. Hammoud (SBN: 321934)
Lauren Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Mayra Aranda*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA ARANDA,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No. 2:21-cv-03451-CBM-PD<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EMAIL COMMUNICATION FROM PLAINTIFF'S COUNSEL REGARDING DOCUMENTS REVIEWED BY PLAINTIFF'S EXPERT WITNESS and INCORPORATED MEMORANDUM** |

i

**To the Court, Defendant and their attorneys of record:**

PLEASE TAKE NOTICE that Plaintiff Mayra Aranda ("Plaintiff" or "Aranda"), hereby moves the Court, in limine, for an order excluding the email communication from Plaintiff's counsel regarding documents reviewed by Plaintiff's expert witness. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 6, 2023.

ii

## I.  BACKGROUND

As set forth by pleadings and refined by the motions filed before this Court, Plaintiff seeks judgment and damages at trial for Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a). Specifically, Plaintiff will prove at trial that Defendant furnished inaccurate information about her concerning three vehicle leases to various consumer reporting agencies. The three accounts at issue each had alleged past due balances that were reported as charged off at some time prior to 2016. However, in either 2012 or 2016 (depending upon which 30(b)(6) witness is asked), Defendant implemented a new policy wherein it ceased reporting lease terminated accounts with a charged-off status. As such, Defendant began to report that each of the three accounts were open, current, being paid as agreed, with a balance owed and a scheduled monthly payment. Defendant's decision to "revive" the charged-off lease accounts and to begin reporting them again caused severe damage to Plaintiff's perceived creditworthiness and prevented Plaintiff and her family from purchasing the home of their choice. Further, when Plaintiff disputed this inaccurate reporting under § 1681i of the FCRA, Defendant failed to conduct a reasonable investigation and to remove the inaccurate reporting.

This well-deserved lawsuit followed.

## II.  LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1163 n.4 (9th Cir. 2013) (quoting *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009) (internal quotation marks omitted).

- 1 -

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 462, n.4. Thus, the decision to grant a motion in limine is "entirely within the discretion of the [c]ourt." *Thompson v. Polaris Indus. Inc.*, 2019 WL 2173965, at *1 (D. Ariz. 2019) (punctuation modified)

"[M]otions in limine must specifically identify the evidence at issue and state with specificity why such evidence is inadmissible." *Jalowsky v. Provident Life & Accident Ins. Co.*, No. CIV 18-279-TUC-CKJ (LAB), 2020 U.S. Dist. LEXIS 87724, at *3 (D. Ariz. May 19, 2020).

## III.   ARGUMENT

Defendant seeks to introduce into evidence a printout of the body of an email sent by Plaintiff's counsel to Defendant's counsel which listed the documents reviewed and created by Plaintiff's expert in this matter. This printout is identified as Exhibit 70 in Defendant's exhibit list and is attached hereto as Exhibit 70 (the "Email") for ease of the Court's review.

The Email is not relevant to this case, carries a significant risk of undue prejudice, constitutes classic hearsay, and would require the testimony of counsel to authenticate and lay the foundation for admission as an exhibit. For these reasons, Plaintiff requests that the Court enter an order excluding the Email from trial.

### A. THE EMAIL CARRIES NO PROBATIVE VALUE AND ITS ADMISSION WOULD CONFUSE THE JURY

"Only evidence that is relevant is admissible." *United States v. Makhlouta*, 790 F.2d 1400, 1402 (9th Cir. 1986); Fed. R.Evid. 402. "For evidence to be relevant it must 'be probative of the proposition it is offered to prove, and . . . the proposition

- 2 -

to be proved must be one that is of consequence to the determination of the action.'" *U.S. v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) (quoting *United States v. Click*, 807 F.2d 847, 850 (9th Cir. 1987)) (further citations omitted).

Relevant evidence is to be excluded "under Fed.R.Evid. 403 [] if it is likely to confuse the issues or mislead the jury" (*U.S. v. Perkins*, 937 F.2d 1397, 1400 (9th Cir. 1991)) and where its "prejudicial effect outweighs its probative value" (*U.S. v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991)).

The Email is not relevant to the claims or defenses of either Plaintiff or Defendant, being simply a communication between counsel setting forth the documents reviewed or created by Plaintiff's expert in association with the case. The Email is therefore not probative of any issue of consequence to be proven at trial and should be excluded under FRE 401.

Further, FRE 403 requires that the risk of confusion and prejudice of admitting the Email be weighed against its nonexistent probative value. Under this analysis, even if the Email were relevant (it is not), it should be excluded as substantially likely to confuse the jury. A jury of laypersons does not possess a frame of reference against which to analyze counsel-to-counsel communications about compliance with Fed. R. Civ. P. 26(a)(2)(B) and may therefore be misled and confused into thinking that the Email has some probative value that it does not possess. The jury may also review the Email (a communication between counsel) and come away with an unsubstantiated prejudice (either negative or positive) as to the attorneys representing the parties at trial.

The parties' claims and defenses should be decided on the merits, and the Email does nothing to prove or disprove the merits of either. The Email should therefore be precluded under FRE 401 and 403.

## B. THE EMAIL IS HEARSAY

"A hearsay statement is an out-of-court statement 'offered in evidence to prove the truth of the matter asserted.'" *Thomas v. Hubbard*, 273 F.3d 1164, 1172 (9th Cir. 2001) (*United States v. Pena-Gutierrez*, 222 F.3d 1080, 1086 (9th Cir. 2000) (quoting Fed.R.Evid. 801(c))).

The only assertion of substance made in the Email is that Plaintiff's expert reviewed or created the list of documents contained therein. *See generally*, Email. While Plaintiff is unsure as to why the Email would be the best source for this information (Defendant's counsel is free to ask Plaintiff's expert what he reviewed and drafted in this case), admitting the Email to prove this assertion would be hearsay to which no exception applies. The Email should therefore be precluded under FRE 801.

## C. THE EMAIL WOULD REQUIRE THE TESTIMONY OF COUNSEL FOR ADMISSION

Documents to be admitted as evidence at trial must be authenticated. *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("Authentication is a 'condition precedent to admissibility,' and this condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'") (quoting Fed.R.Evid. 901(a)). Moreover, it is the burden of "the proponent of the evidence to lay the proper evidentiary foundation" for admission of that

- 4 -

evidence. *City of Long Beach v. Standard Oil of Calif*, 46 F.3d 929, 937 (9th Cir. 1995).

As a communication, for the Email to be authenticated and founded for admission, either the sender or the recipient would need to testify about the document at trial. However, both the sender and recipient of the Email are attorneys representing the Parties to this action.

"It is usually inappropriate for an attorney connected with the trial of a case to testify in behalf of his client. He should ordinarily withdraw before becoming a witness." *Lau Ah Yew v. Dulles*, 257 F.2d 744, 746 (9th Cir. 1958) (See Canon 19, Canons of Professional Ethics, American Bar Association; Drinker, Legal Ethics (Columbia University Press, 1953) Appendix C, p. 309)). The undersigned does not intend to withdraw, and doubts that Defendant's counsel is planning to do so. Thus, the advocate-witness rule would preclude the authentication or foundation of the Email. Therefore, in addition to the Email's lack of probative value, serious risk of confusing the jury, and hearsay nature, the Court should preclude admission of the same on the grounds that it cannot be authenticated or founded in front of the jury without the testimony of counsel.

## IV.   CONCLUSION

Wherefore, a Motion in Limine should be granted excluding the Email from admission at trial.

//

- 5 -

RESPECTFULLY SUBMITTED,

DATED: July 24, 2023

By: */s/David A. Chami*
David A. Chami (AZ: 027585)
(Admitted *pro hac vice*)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (718) 715-1750
E: dchami@consumerattorneys.com

Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5596
E: youssef@pricelawgroup.com

Sylvia Bolos, MI # 78715
(Admitted pro hac vice)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (248) 406-6025
E: sbolos@consumerattorneys.com
*Attorneys for Plaintiff,*
*Mayra Aranda*

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Roxanne Harris*

- 7 -