David A. Chami, AZ # 027585
(Admitted *pro hac vice*)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (718) 715-1750
E: dchami@consumerattorneys.com

Youssef H. Hammoud (SBN: 321934)
Lauren Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Mayra Aranda*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA ARANDA,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No. 2:21-cv-03451-CBM-PD<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF AND DOCUMENTS PRODUCED BY NON-PARTY CREDIT KARMA and INCORPORATED MEMORANDUM** |

i

**To the Court, Defendant and their attorneys of record:**

PLEASE TAKE NOTICE that Plaintiff Mayra Aranda ("Plaintiff" or "Aranda"), hereby moves the Court, in limine, for an order excluding the testimony of and documents produced by non-party Credit Karma and incorporated memorandum. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 6, 2023.

## I.   BACKGROUND

As set forth by pleadings and refined by the motions filed before this Court, Plaintiff seeks judgment and damages at trial for Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a). Specifically, Plaintiff will prove at trial that Defendant furnished inaccurate information about her concerning three vehicle leases to various consumer reporting agencies. The three accounts at issue each had alleged past due balances that were reported as charged off at some time prior to 2016. However, in either 2012 or 2016 (depending upon which 30(b)(6) witness is asked), Defendant implemented a new policy wherein it ceased reporting lease terminated accounts with a charged-off status. As such, Defendant began to report that each of the three accounts were open, current, being paid as agreed, with a balance owed and a scheduled monthly payment. Defendant's decision to "revive" the charged-off lease accounts and to begin reporting them again caused severe damage to Plaintiff's perceived creditworthiness and prevented Plaintiff and her family from purchasing the home of their choice. Further, when Plaintiff disputed this inaccurate reporting under § 1681i of the FCRA, Defendant failed to conduct a reasonable investigation and to remove the inaccurate reporting.

This well-deserved lawsuit followed.

## II.   LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1163 n.4 (9th Cir. 2013) (quoting *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009) (internal quotation marks omitted).

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 462, n.4. Thus, the decision to grant a motion in limine is "entirely within the discretion of the [c]ourt." *Thompson v. Polaris Indus. Inc.*, 2019 WL 2173965, at *1 (D. Ariz. 2019) (punctuation modified)

"[M]otions in limine must specifically identify the evidence at issue and state with specificity why such evidence is inadmissible." *Jalowsky v. Provident Life & Accident Ins. Co.*, No. CIV 18-279-TUC-CKJ (LAB), 2020 U.S. Dist. LEXIS 87724, at *3 (D. Ariz. May 19, 2020).

## III. ARGUMENT

Defendant seeks to introduce into evidence portions of the deposition of non-party Credit Karma (in transcript form) as well as numerous documents either produced by Credit Karma or used by Defendant at the Credit Karma deposition. Defendant's designated and proposed transcript excerpts are attached hereto as Exhibit A (the "Transcript"). The additional documents Defendant seeks to introduce are attached hereto as Exhibits and labeled as follows (referred to collectively as the "Proposed Exhibits"):

- Exhibit 57: Defendant's Proposed Exhibit 57
- Exhibit 58: Defendant's Proposed Exhibit 58
- Exhibit 59: Defendant's Proposed Exhibit 59
- Exhibit 60: Defendant's Proposed Exhibit 60
- Exhibit 61: Defendant's Proposed Exhibit 61

Neither the testimony excerpts nor the documents produced by Credit Karma are relevant to this case, and the introduction of the same carries a significant risk of

- 2 -

undue prejudice to Plaintiff's case. Furthermore, Exhibit 61 should be excluded under Rule 37(c).

### A. THE TRANSCRIPT AND PROPOSED EXHIBITS CARRY NO PROBATIVE VALUE TO THE JURY'S EVALUATION OF PLAINTIFF'S CLAIMS; INTRODUCTION OF THE SAME WOULD INVOLVE AN UNNECESSARY SIDESHOW FOR THE SOLE PURPOSE OF MISLEADING AND CONFUSING THE JURY

"Only evidence that is relevant is admissible." *United States v. Makhlouta*,790 F.2d 1400, 1402 (9th Cir. 1986); Fed. R.Evid. 402. "For evidence to be relevant it must 'be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action.'" *U.S. v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) (quoting *United States v. Click*, 807 F.2d 847, 850 (9th Cir. 1987)) (further citations omitted).

Relevant evidence is to be excluded "under Fed.R.Evid. 403 [] if it is likely to confuse the issues or mislead the jury" (*U.S. v. Perkins*, 937 F.2d 1397, 1400 (9th Cir. 1991)) and where its "prejudicial effect outweighs its probative value" (*U.S. v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991)).

Defendant intends to utilize the Transcript and the Proposed Exhibits to argue to the jury that, at some point prior to the relevant timeframe, Plaintiff initiated disputes with non-party consumer reporting agencies through Credit Karma's system. This, Defendant contends, is proof that Plaintiff (1) failed to mitigate her damages, and/or (2) brought her claims beyond the statute of limitations. Both of these positions are affirmative defenses for which Defendant bears the burden of proof. *See Gifford v. Achison, Topeka & Santa Fe Railway Co.*, 685 F.2d 1149, 1159 (9th Cir. 1982) ("…the defendant bears the burden of proving a failure to mitigate.");

- 3 -

*United States v. Real Property*, 120 F.3d 947, 949 (9th Cir. 1997) ("…statute of limitations is an affirmative defense, which the claimant bears the burden of proving.").

However, the Transcript and Proposed Exhibits are not relevant because they are not probative of either defense. Indeed, the fundamental assertion, that Plaintiff initiated the disputes purportedly recorded and shown in the Proposed Exhibits, was disclaimed by Credit Karma under oath.

> Q.   Okay. But Credit Karma doesn't know if it was, in fact, Ms. Mayra Aranda or if it was somebody else using her account information?
>
> A.   That's correct.

Transcript, 145:7-10. Faced with this disclaimer, it was Defendant's burden (as the proponent of the affirmative defense) to seek out proof that its assertions regarding Plaintiff's action (which are denied by Plaintiff) are true. And Defendant could have done so. Included in Credit Karma's production was a list of "Account Access and Historical IP Information." *See* Exhibit 57. Had Defendant wished to support its assertions with actual evidence, it could have issued third-party discovery to Plaintiff's internet provider and compared her historical IP information to the information contained in Credit Karma's production.

Defendant failed to do so, leaving the record devoid of **any proof whatsoever** that the IP addresses under which alleged disputes were purportedly initiated belong to Plaintiff. The Transcript and Proposed Exhibits, without this proof, are not relevant to the issues to be decided at trial.

Moreover, and for similar reasons, admission of the Transcript and Proposed Exhibits in support of Defendant's allegations would be incredibly prejudicial. As

noted, Defendant failed to do anything beyond take Credit Karma's deposition to prove its concocted theory of prior, unfinished disputes. Because the deposition did not prove this theory (and in fact disclaimed it), and because Defendant failed in its duty to develop a factual record supportive of this theory, Defendant should not be permitted to use a collection of Credit Karma business records to plant seeds of doubt in the jury's mind about affirmative defenses of which there is no actual proof on the record.

The Transcript and Proposed Exhibits present a classic Rule 403 situation. Defendant explicitly intends upon using documents and testimony, having no actual value as relevant evidence, to mislead the jury into believing a particular narrative to cover up the fact that there exists no actual evidence of the same. If Defendant is permitted to do so, Plaintiff will be forced to expend valuable trial time and resources addressing the fact that the Testimony disclaims Defendant's theory and that the Documents are not actually evidence of actions purportedly taken by Plaintiff years ago. This will quickly devolve into a confusing and distracting mini trial. It is within the best interests of justice, the Court, and the jury to keep the issues for trial in focus, and to avoid straying into the sideshow that the Testimony and Proposed Exhibits would necessitate.

### B. EXHIBIT 61 IS NOT RELEVANT AND WAS NOT TIMELY DISCLOSED TO PLAINTIFF

Exhibit 61 is a collection of blurry screenshots produced, not by Credit Karma, but by Defendant at Credit Karma's deposition. Exhibit 61 does not identify the account from which the screenshots are taken and does not include any information of consequence to an issue for trial. Exhibit 61 is therefore irrelevant and should be excluded under FRE 401.

- 5 -

Furthermore, Exhibit 61 was not timely disclosed to Plaintiff and should therefore be excluded under Rule 37.

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

"Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Goodman v. Staples the Office Super-Store, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (*quoting Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

"Rule 37(c)(1) is a self-executing, automatic sanction designed to provide a strong inducement for disclosure." *Goodman*, 644 F.3d at 827 (internal quotation marks omitted); *See also* Fed.R.Civ.P. 37 advisory committee's note (1993)). "The **only** exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless. *Goodman*, 644 F.3d at 827 (*citing* Fed.R.Civ.P. 37(c)(1)). "The burden to prove harmlessness [or substantial justification] is on the party seeking to avoid Rule 37's exclusionary sanction." *Goodman*, 644 F.3d at 817 (*citing Yeti by Molly Ltd.*, 259 F.3d at 1107).

As Exhibit 61 was not timely disclosed to Plaintiff under Rule 26, Rule 37 automatically applied to exclude the same from admission at trial unless Defendant can bear its burden of proving that the failure was harmless or substantially justified. Defendant cannot do so.

## IV. <u>CONCLUSION</u>

Wherefore, a Motion in Limine should be granted excluding the Testimony and Proposed Exhibits from admission at trial.

- 6 -

RESPECTFULLY SUBMITTED,

DATED: July 24, 2023

By: */s/David A. Chami*
David A. Chami (AZ: 027585)
(Admitted *pro hac vice*)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (718) 715-1750
E: dchami@consumerattorneys.com

Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5596
E: youssef@pricelawgroup.com

Sylvia Bolos, MI # 78715
(Admitted pro hac vice)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (248) 406-6025
E: sbolos@consumerattorneys.com
*Attorneys for Plaintiff,*
*Mayra Aranda*

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Roxanne Harris*