David A. Chami, AZ # 027585
(Admitted *pro hac vice*)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (718) 715-1750
E: dchami@consumerattorneys.com

Youssef H. Hammoud (SBN: 321934)
Lauren Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Mayra Aranda*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA ARANDA,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No. 2:21-cv-03451-CBM-PD<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE DECLARATIONS FILED BY PLAINTIFF and INCORPORATED MEMORANDUM** |

i

**To the Court, Defendant and their attorneys of record:**

PLEASE TAKE NOTICE that Plaintiff Mayra Aranda ("Plaintiff" or "Aranda"), hereby moves the Court, in limine, for an order excluding declarations filed by Plaintiff. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 6, 2023.

## I.   **BACKGROUND**

As set forth by pleadings and refined by the motions filed before this Court, Plaintiff seeks judgment and damages at trial for Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a). Specifically, Plaintiff will prove at trial that Defendant furnished inaccurate information about her concerning three vehicle leases to various consumer reporting agencies. The three accounts at issue each had alleged past due balances that were reported as charged off at some time prior to 2016. However, in either 2012 or 2016 (depending upon which 30(b)(6) witness is asked), Defendant implemented a new policy wherein it ceased reporting lease terminated accounts with a charged-off status. As such, Defendant began to report that each of the three accounts were open, current, being paid as agreed, with a balance owed and a scheduled monthly payment. Defendant's decision to "revive" the charged-off lease accounts and to begin reporting them again caused severe damage to Plaintiff's perceived creditworthiness and prevented Plaintiff and her family from purchasing the home of their choice. Further, when Plaintiff disputed this inaccurate reporting under § 1681i of the FCRA, Defendant failed to conduct a reasonable investigation and to remove the inaccurate reporting.

This well-deserved lawsuit followed.

## II.   **LEGAL STANDARD**

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1163 n.4 (9th Cir. 2013) (quoting *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009) (internal quotation marks omitted).

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 462, n.4. Thus, the decision to grant a motion in limine is "entirely within the discretion of the [c]ourt." *Thompson v. Polaris Indus. Inc.*, 2019 WL 2173965, at *1 (D. Ariz. 2019) (punctuation modified)

"[M]otions in limine must specifically identify the evidence at issue and state with specificity why such evidence is inadmissible." *Jalowsky v. Provident Life & Accident Ins. Co.*, No. CIV 18-279-TUC-CKJ (LAB), 2020 U.S. Dist. LEXIS 87724, at *3 (D. Ariz. May 19, 2020).

## III.   <u>ARGUMENT</u>

Defendant seeks to introduce into evidence three declarations filed in front of this Court at various times throughout the pending litigation. These declarations are identified as Exhibits 90-92 in Defendant's exhibit list (referred to collectively as the "Declarations"), and are attached hereto as follows:

- Exhibit 90 – Defendant's Proposed Exhibit 90 (Declaration of Mayra Aranda in Support of Plaintiff's Opposition to Defendant's Motion to Reopen Plaintiff's Deposition)

- Exhibit 91 – Defendant's Proposed Exhibit 91 (Declaration of Mayra Aranda in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment)

- Exhibit 92 – Defendant's Proposed Exhibit 92 (Declaration of Sergio Aranda in Support of Plaintiff's Reply in Support of Plaintiff's Motion for Partial Summary Judgment)

The Declarations are not relevant to this case, as both Plaintiff and her

husband will be testifying at trial, and they carry a significant risk of undue prejudice. Further, the Declarations constitute classic hearsay to which no exclusion applies. Thus, while Plaintiff does not object, at this time, to the Declarations being used for impeachment,[1] they have little probative value as affirmative exhibits, constitute hearsay, and should therefore be excluded.

## A. THE DECLARATIONS ARE HEARSAY

"Hearsay is a statement that a declarant 'does not make while testifying at the current trial or hearing' and is 'offer[ed] in evidence to prove the truth of the matter asserted in the statement.'" *United States v. Morales*, 720 F.3d 1194, 1201 (9th Cir. 2013) (quoting Fed.R.Evid. 801(c)). The Declarations are statements made by Plaintiff and her husband in support of prior filings before this Court. Therefore, they constitute statements "not [made] while testifying at the current trial…" (*Morales*, 720 F.3d at 1201) and offered to prove the truth of the matter asserted therein. The Declarations are therefore classic hearsay to which no exception applies and should be excluded from admission as affirmative exhibits.

## B. THE DECLARATIONS CARRY LIMITED PROBATIVE VALUE AS AFFIRMATIVE EXHIBITS, AND THEIR ADMISSION WOULD CONFUSE THE JURY AND PREJUDICE PLAINTIFF

"Only evidence that is relevant is admissible." *United States v. Makhlouta*,790 F.2d 1400, 1402 (9th Cir. 1986); Fed. R. Evid. 402. "For evidence to be relevant it must 'be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action.'"

---

[1] Plaintiff reserves the right to object at trial but does not seek an order in limine excluding the Documents as impeachment exhibits.

- 3 -

*U.S. v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) (quoting *United States v. Click*, 807 F.2d 847, 850 (9th Cir. 1987)) (further citations omitted).

Relevant evidence is to be excluded "under Fed.R.Evid. 403 [] if it is likely to confuse the issues or mislead the jury" (*U.S. v. Perkins*, 937 F.2d 1397, 1400 (9th Cir. 1991)) and where its "prejudicial effect outweighs its probative value" (*U.S. v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991)).

The statements made by Plaintiff and her husband in the Declarations are not, standing alone, probative of any issue to be decided at trial. Plaintiff and her husband both stand ready and willing to testify at trial. Anything asserted in the Declarations can therefore be asked of their declarants directly, without the Declarations making any assertion more or less likely.

This limited probative value is dwarfed by the risk of confusion and prejudice inherent in admitting affidavits drafted and submitted in support of varying pre-trial motions. Plaintiff and her husband are both entitled to have the jury weigh their testimony for credibility and accuracy, without the jury being swayed by the formatting, word-choice, and tone of a written affidavit that was prepared in support of issues not before the jury. If either Plaintiff or her husband contradict their previous, sworn testimony, Defendant will be free to seek admission of the Declarations for impeachment purposes. But the Declarations serve no purpose as affirmative evidence other than to add additional, unnecessary exhibits for the jury to work through in deliberations, increasing their burden and the likelihood of confusion.

## IV.    <u>CONCLUSION</u>

Wherefore, a Motion in Limine should be granted excluding the Declarations from admission at trial.

- 4 -

RESPECTFULLY SUBMITTED,

DATED: July 24, 2023

By: */s/David A. Chami*
David A. Chami (AZ: 027585)
(Admitted *pro hac vice*)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (718) 715-1750
E: dchami@consumerattorneys.com

Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5596
E: youssef@pricelawgroup.com

Sylvia Bolos, MI # 78715
(Admitted pro hac vice)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (248) 406-6025
E: sbolos@consumerattorneys.com
*Attorneys for Plaintiff,*
*Mayra Aranda*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Roxanne Harris*

- 6 -