David A. Chami, AZ # 027585
(Admitted *pro hac vice*)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (718) 715-1750
E: dchami@consumerattorneys.com

Youssef H. Hammoud (SBN: 321934)
Lauren Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Mayra Aranda*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAYRA ARANDA,<br><br>            Plaintiff,<br><br>v.<br><br>NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>            Defendant. | Case No. 2:21-cv-03451-CBM-PD<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE PORTIONS OF OPINION TESTIMONY BY JAMES DROSKE and INCORPORATED MEMORANDUM** |

i

**To the Court, Defendant and their attorneys of record:**

PLEASE TAKE NOTICE that Plaintiff Mayra Aranda ("Plaintiff" or "Aranda"), hereby moves the Court, in limine, for an order excluding portions of opinion testimony by James Droske. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 6, 2023.

## I. BACKGROUND

As set forth by pleadings and refined by the motions filed before this Court, Plaintiff seeks judgment and damages at trial for Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a). Specifically, Plaintiff will prove at trial that Defendant furnished inaccurate information about her concerning three vehicle leases to various consumer reporting agencies. The three accounts at issue each had alleged past due balances that were reported as charged off at some time prior to 2016. However, in either 2012 or 2016 (depending upon which 30(b)(6) witness is asked), Defendant implemented a new policy wherein it ceased reporting lease terminated accounts with a charged-off status. As such, Defendant began to report that each of the three accounts were open, current, being paid as agreed, with a balance owed and a scheduled monthly payment. Defendant's decision to "revive" the charged-off lease accounts and to begin reporting them again caused severe damage to Plaintiff's perceived creditworthiness and prevented Plaintiff and her family from purchasing the home of their choice. Further, when Plaintiff disputed this inaccurate reporting under § 1681i of the FCRA, Defendant failed to conduct a reasonable investigation and to remove the inaccurate reporting.

This well-deserved lawsuit followed.

## II. LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1163 n.4 (9th Cir. 2013) (quoting *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009) (internal quotation marks omitted).

- 1 -

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 462, n.4. Thus, the decision to grant a motion in limine is "entirely within the discretion of the [c]ourt." *Thompson v. Polaris Indus. Inc.*, 2019 WL 2173965, at *1 (D. Ariz. 2019) (punctuation modified)

"[M]otions in limine must specifically identify the evidence at issue and state with specificity why such evidence is inadmissible." *Jalowsky v. Provident Life & Accident Ins. Co.*, No. CIV 18-279-TUC-CKJ (LAB), 2020 U.S. Dist. LEXIS 87724, at *3 (D. Ariz. May 19, 2020).

### III. ARGUMENT

James Droske is Defendant's designated mortgage expert, retained to opine specifically on Plaintiff's allegations concerning her inability to purchase a house due to Defendant's inaccurate reporting. *See generally* Exhibit A (the "Expert Report"). Mr. Droske was also designated by Defendant to rebut the expert testimony of John Thompson, hired by Plaintiff to opine on the same subject matter. *See generally* Exhibit B (the "Rebuttal Report").

In his Rebuttal Report and at his deposition, Mr. Droske's proffered opinions strayed into areas already covered by Defendant's other designated expert, John Ulzheimer. Specifically, Mr. Droske offers his opinions as to Plaintiff's general creditworthiness, an area already thoroughly addressed by Mr. Ulzheimer. Plaintiff requests that the Court enter an order expressly limiting Mr. Droske's testimony to his disclosed area of expertise, mortgage underwriting and Plaintiff's allegations concerning the inability to purchase a home, and prohibiting opinion testimony related to Plaintiff's general creditworthiness, on which Mr. Ulzheimer will already

be testifying on Defendant's behalf at trial.

### A. MR. DROSKE'S PROPOSED OPINION TESTIMONY CONCERNING PLAINTIFF'S CREDITWORTHINESS IS DUPLICATIVE OF EXPERT TESTIMONY ALREADY ON THE RECORD, AND ITS ADMISSION WOULD THEREFORE BE PREJUDICIALLY CUMULATIVE UNDER RULE 403

Rule 403 authorizes the exclusion of evidence that is "needlessly […] cumulative." As other Ninth Circuit district courts have succinctly noted, "[m]ultiple expert witnesses expressing the same opinions on a subject is a waste of time and needlessly cumulative." *United States v. Idaho Cty. Light & Power Coop. Ass'n*, No. 3:17-cv-00391-CWD, 2020 U.S. Dist. LEXIS 22030, at *32 (D. Idaho Feb. 7, 2020) (internal quotation marks omitted); *See also Parsons v. Ryan*, No. CV-12-00601-PHX-NVW, 2014 U.S. Dist. LEXIS 102541, at *12 (D. Ariz. July 28, 2014) ("Duplicative expert testimony will be excluded, absent leave of the court.") (citing Fed. R. Evid. 403); *Smilovits v. First Solar, Inc.*, No. CV12-00555-PHX-DGC, 2019 U.S. Dist. LEXIS 216437, at *40 (D. Ariz. Dec. 17, 2019) ("The Court will not permit overlapping and duplicative expert testimony at trial."); *CZ Servs. v. Express Scripts Holding Co.*, No. 3:18-cv-04217-JD, 2020 U.S. Dist. LEXIS 140195, at *9 (N.D. Cal. Aug. 5, 2020) ("The parties are advised that duplicative expert testimony will not be permitted at trial.").

Mr. Droske's opinions as to Plaintiff's general creditworthiness are duplicative of the opinions placed in the record by Mr. Ulzheimer, Defendant's credit-reporting expert. Defendant should not be permitted to engage in a game of numbers (two experts versus one expert) at trial. (If numerosity of experts is to be a factor at trial, Plaintiff should be afforded the opportunity to hire additional witnesses to parrot the opinions of Plaintiff's credit-reporting expert, Evan

Hendricks.) Defendant is permitted one expert per issue and the Court should prevent those experts from needlessly repeating what the other has to say.

## IV. CONCLUSION

Wherefore, a Motion in Limine should be granted limiting Mr. Droske's testimony to his disclosed area of expertise – mortgage underwriting and Plaintiff's allegations concerning the inability to purchase a home – and prohibiting opinion testimony related to Plaintiff's general creditworthiness.

RESPECTFULLY SUBMITTED,

DATED: July 24, 2023

By: */s/David A. Chami*
David A. Chami (AZ: 027585)
(Admitted *pro hac vice*)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (718) 715-1750
E: dchami@consumerattorneys.com

Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5596
E: youssef@pricelawgroup.com

Sylvia Bolos, MI # 78715
(Admitted pro hac vice)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (248) 406-6025

- 4 -

E: sbolos@consumerattorneys.com
*Attorneys for Plaintiff,*
*Mayra Aranda*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Roxanne Harris*