David A. Chami, AZ # 027585
(Admitted *pro hac vice*)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (718) 715-1750
E: dchami@consumerattorneys.com

Youssef H. Hammoud (SBN: 321934)
Lauren Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Mayra Aranda*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA ARANDA,<br><br>        Plaintiff,<br><br>v.<br><br>NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>        Defendant. | Case No. 2:21-cv-03451-CBM-PD<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE RECORDING OF NOVEMBER 30, 2020, PHONE CALL and INCORPORATED MEMORANDUM** |

i

**To the Court, Defendant and their attorneys of record:**

PLEASE TAKE NOTICE that Plaintiff Mayra Aranda ("Plaintiff" or "Aranda"), hereby moves the Court, in limine, for an order excluding the recording of a phone call between Plaintiff's husband, Sergio Aranda, and a representative from Rocket Mortgage, which took place on November 30, 2020. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 6, 2023.

## I.    <u>BACKGROUND</u>

As set forth by pleadings and refined by the motions filed before this Court, Plaintiff seeks judgment and damages at trial for Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a). Specifically, Plaintiff will prove at trial that Defendant furnished inaccurate information about her concerning three vehicle leases to various consumer reporting agencies. The three accounts at issue each had alleged past due balances that were reported as charged off at some time prior to 2016. However, in either 2012 or 2016 (depending upon which 30(b)(6) witness is asked), Defendant implemented a new policy wherein it ceased reporting lease terminated accounts with a charged-off status. As such, Defendant began to report that each of the three accounts were open, current, being paid as agreed, with a balance owed and a scheduled monthly payment. Defendant's decision to "revive" the charged-off lease accounts and to begin reporting them again caused severe damage to Plaintiff's perceived creditworthiness and prevented Plaintiff and her family from purchasing the home of their choice. Further, when Plaintiff disputed this inaccurate reporting under § 1681i of the FCRA, Defendant failed to conduct a reasonable investigation and to remove the inaccurate reporting.

This well-deserved lawsuit followed.

## II.    <u>LEGAL STANDARD</u>

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1163 n.4 (9th Cir. 2013) (quoting *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009) (internal quotation marks omitted).

- 1 -

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 462, n.4. Thus, the decision to grant a motion in limine is "entirely within the discretion of the [c]ourt." *Thompson v. Polaris Indus. Inc.*, 2019 WL 2173965, at *1 (D. Ariz. 2019) (punctuation modified)

"[M]otions in limine must specifically identify the evidence at issue and state with specificity why such evidence is inadmissible." *Jalowsky v. Provident Life & Accident Ins. Co.*, No. CIV 18-279-TUC-CKJ (LAB), 2020 U.S. Dist. LEXIS 87724, at *3 (D. Ariz. May 19, 2020).

## III.   **ARGUMENT**

Defendant seeks to introduce into evidence a recording of a phone call between Plaintiff's husband, Sergio, and a representative from Rocket Mortgage, which took place on November 30, 2020 (the "Recording"). The Recording is identified as Exhibit 68 in Defendant's exhibit list and has been manually lodged with the Court and all counsel of record as Exhibit 68 for ease of the Court's review.

The Recording is not relevant to this case and carries a significant risk of undue prejudice. While Plaintiff does not object, at this time, to the Recording being used for impeachment,[1] it has no probative value as an affirmative exhibit and should therefore be excluded.

//

//

---

[1] Plaintiff reserves the right to object at trial but does not seek an order in limine excluding the Recording as an impeachment exhibit.

## A. THE RECORDING CARRIES NO PROBATIVE VALUE AS AN AFFIRMATIVE EXHIBIT, AND ITS ADMISSION WOULD CONFUSE THE JURY AND PREJUDICE PLAINTIFF

"Only evidence that is relevant is admissible." *United States v. Makhlouta*,790 F.2d 1400, 1402 (9th Cir. 1986); Fed. R.Evid. 402. "For evidence to be relevant it must 'be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action.'" *U.S. v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) (quoting *United States v. Click*, 807 F.2d 847, 850 (9th Cir. 1987)) (further citations omitted).

Relevant evidence is to be excluded "under Fed.R.Evid. 403 [] if it is likely to confuse the issues or mislead the jury" (*U.S. v. Perkins*, 937 F.2d 1397, 1400 (9th Cir. 1991)) and where its "prejudicial effect outweighs its probative value" (*U.S. v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991)).

The Recording evidences a conversation between Sergio and a Rocket Mortgage representative, wherein Sergio asked the representative about a projected increase in loan amounts for San Bernardino and Riverside county, inquired as to the process of purchasing a home through Rocket Mortgage, gave a time frame for when he was looking to purchase a house, and told the representative that he would keep the representative's direct number and call back when he was ready to start the process. Sergio never called Rocket Mortgage back, and never submitted a mortgage application with Rocket Mortgage.

The Recording is not probative of any issue of consequence in this case. It does not prove that Defendant's reporting was inaccurate or that Defendant's actions were unreasonable. It is merely a phone call where a non-party (Plaintiff's husband) inquired as to the home-purchasing process from a non-party mortgage company and

never followed up. It should therefore be excluded under FRE 401.

The Recording also carries a significant risk of prejudice by misleading the jury as to the relevant issues to be decided at trial. Possessing no probative value to any issue to be decided, the Recording will confuse the jury (understandably so) as to why they are listening to the same. The jury is likely to be confused and believe that the Recording is evidence of either an application or an approval for a mortgage from Rocket Mortgage. With no probative value, this potential for an irrelevant, confusing sideshow warrants exclusion under FRE 403.

## IV.    CONCLUSION

Wherefore, a Motion in Limine should be granted excluding the Recording from admission at trial.

RESPECTFULLY SUBMITTED,

DATED: July 24, 2023          By: */s/David A. Chami*
                             David A. Chami (AZ: 027585)
                             (Admitted *pro hac vice*)
                             **CONSUMER ATTORNEYS**
                             8245 N. 85th Way
                             Scottsdale, AZ 85258
                             T: (480) 626-2359
                             F: (718) 715-1750
                             E: dchami@consumerattorneys.com

                             Youssef H. Hammoud (SBN: 321934)
                             **PRICE LAW GROUP, APC**
                             6345 Balboa Blvd., Suite 247
                             Encino, CA 91316
                             T: (818) 600-5596
                             F: (818) 600-5596
                             E: youssef@pricelawgroup.com

- 4 -

Sylvia Bolos, MI # 78715
(Admitted pro hac vice)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (248) 406-6025
E: sbolos@consumerattorneys.com
*Attorneys for Plaintiff,*
*Mayra Aranda*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Roxanne Harris*

- 5 -